UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. |
| | : | 3:97-CR-00204 (JCH) |
| v. | : | |
| | : | |
| NELSON GONZALEZ, | : | SEPTEMBER 13, 2017 |
| Defendant. | : | |

**RULING RE: MOTION FOR MISCELLANEOUS RELIEF (DOC. NO. 444)**

**I.     INTRODUCTION**

On August 14, 2017, the defendant Nelson Gonzalez filed a Motion for Miscellaneous Relief, asking the court to exercise discretion under United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014), to request the government to consent to a reduction of his life sentence.  See Motion for Miscellaneous Relief to Exercise Discretion ("Mot. for Misc. Relief") (Doc. No. 444).  On September 5, 2017, the court issued an Order to Show Cause to the government as to why the relief prayed for in Gonzalez's Motion should not be granted.  See Order to Show Cause (Doc. No. 445).  The government responded to the Order to Show Cause on September 11, 2017, arguing that Gonzalez's Motion should be denied.  See Government's Response to Order to Show Cause ("Gov't's Resp.") (Doc. No. 446).

For the following reasons, Gonzalez's Motion is **DENIED**.

**II.     DISCUSSION**

Gonzalez's Motion relies on United States v. Holloway.  68 F. Supp. 3d 310.  In that case, the defendant filed a motion under Federal Rule of Civil Procedure 60(b) to reopen his section 2255 proceeding, but the court found no legal basis for reopening the proceeding.  Id. at 314.  Instead, the court issued an Order "respectfully request[ing] that the United States Attorney consider exercising her discretion to agree to an order

vacating two or more of Holloway's 18 U.S.C. § 924(c) convictions." Id. The court based its recommendation on Holloway's considerable evidence of rehabilitation and the fact that "[h]is sentence was far more severe than necessary to reflect the seriousness of his crimes and to adequately protect the community from him." Id. at 316. The government agreed, consenting to withdraw its opposition to the Rule 60(b) motion and to not oppose the granting of the § 2255 motion. Id. at 315.

Gonzalez argues that this court should follow the Eastern District of New York in Holloway and grant him similar relief. See Mot. for Misc. Relief. The court first notes that, as a decision by another district court in this Circuit, Holloway is not binding on this court. The Second Circuit has not addressed the type of action taken in that case. While some courts in other districts have followed Holloway, others have declined to do so. Compare Brown v. United States, No. 1:00-CR-290, 2016 WL 4745822, at *2 (N.D. Ohio Sept. 13, 2016) ("Additionally, Holloway is a district court decision and does not control. Holloway does not create an actionable new right under federal law."); with United States v. Ledezma-Rodriguez, No. 3:00-CR-00071, 2017 WL 1368983, at *2–3 (S.D. Iowa Apr. 10, 2017) (holding that the court has no unilateral authority to reduce the defendant's sentence, but "[a]s did the court in Holloway," urging "the U.S. Attorney to consider taking any available steps toward the remedy of the inauspicious and undeserving fate that has befallen this Defendant"). Therefore, the court here is not bound to follow Holloway.

Even if the court recognized Holloway as persuasive authority, the court declines to apply Holloway to this case for two reasons. First, the posture of Gonzalez's case differs from that of Holloway. In Holloway, the court made a request to the United

States Attorney in response to Holloway's pending motion to reopen his § 2255 proceeding under Rule 60(b).  Holloway, 68 F. Supp. 3d at 314.  Here, the government correctly notes that Gonzalez has filed neither a § 2255 petition nor a Rule 60(b) motion to reopen his prior § 2255 petition that was filed on August 14, 2001 and denied on April 17, 2003.  See Ruling Denying Motion to Vacate Under 28 U.S.C. § 2255 (Doc. No. 384); Motion to Vacate Under 28 U.S.C. § 2255 (Doc. No. 351).

Even if the court interpreted Gonzalez's Motion for Miscellaneous Relief as a motion to reopen his prior section 2255 petition, such a motion would be untimely. Federal Rule of Civil Procedure 60(c) requires that a Rule 60(b) motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[1]  Fed. R. Civ. P. 60(c)(1). Gonzalez filed the Motion fourteen years after his section 2255 petition was denied. The court finds that fourteen years is not a reasonable time, and therefore, even if the Motion for Miscellaneous Relief were construed as a Rule 60(b) motion to reopen, it is denied as untimely.

Second, even if the Motion were timely, Holloway's holding would not apply in Gonzalez's case because the government has opposed his motion.  In Holloway, the government agreed to withdraw its opposition to the Rule 60(b) motion and to not oppose the underlying section 2255 motion to vacate two of the convictions.  Holloway, 68 F. Supp. 3d at 315.  The Holloway court relies on this agreement as the basis on

---

[1] As the court in Holloway noted, there is no legal basis for reopening the section 2255 petition under Rule 60(b), so it is not possible to identify which of the subsections under Rule 60(b) to treat the Motion.  See Holloway, 68 F. Supp. 3d at 314.  However, Gonzalez satisfies neither of the standards for timeliness under Rule 60(c).

which to to vacate Holloway's sentence and resentence him.  See id. at 315–16 (stating that "the significance of the government's agreement is clear: it has authorized me to give Holloway back more than 30 years of his life").  Other courts after Holloway have held that, absent the government's agreement, the court does not have authority to unilaterally reduce or vacate a sentence.  See, e.g., James v. United States, No. 5:13-CV-512-BO, 2017 WL 2992093, at *2 (E.D.N.C. July 13, 2017); United States v. Smith, No. 2:06-CR-42-FTM-29SPC, 2017 WL 2889307, at *2 (M.D. Fla. July 7, 2017); Acuna v. United States, No. 07-00615 SOM, 2016 WL 3747531, at *3 (D. Haw. July 8, 2016) (""[The Holloway doctrine] has effect only if the Government agrees to a reduced sentence.  The Government does not agree here.  This court therefore lacks authority to change the previously imposed sentences.").  As in those cases, the government here opposes Gonzalez's Motion for Miscellaneous Relief, so the court does not have the authority to grant Gonzalez the relief that he seeks.  See Gov't's Resp. at 5.[2]  Therefore, even if the court found Holloway to be persuasive and Gonzalez's Motion to be timely, Gonzalez's Motion should still be denied.

## III.    CONCLUSION

For the reasons stated above, Gonzalez's Motion for Miscellaneous Relief is **DENIED**.

---

[2] Although the Government's Response states, "However, a reduction in Gonzalez's sentence by the Court is authorized or warranted," the court understands that the government erred and intended to state that the reduction was "not authorized or warranted."  Gov't's Resp. at 1.  The court reaches this understanding in light of the remainder of the Government's Response, which clearly indicates that it opposes Gonzalez's Motion.  See, e.g., Gov't's Resp. at 5 ("Accordingly, to the extent that Gonzalez's letter is construed as a motion to reduce his sentence, it is respectfully requested that the motion must be denied.").

**SO ORDERED**.

Dated at New Haven, Connecticut, this 13th day of September, 2017.

/s/ Janet C. Hall\_\_
Janet C. Hall
United States District Judge